## MILLER *v.* DRAKE *et al.*

When, after an ordinary has declared the result of an election held in pursuance of the local option liquor law, a contest is instituted under the provisions of the Political Code, § 1546, persons not originally parties thereto have no right to come in at the hearing and by way of intervention file a counter-contest, and thus raise issues to be passed upon by the superior court.

Argued April 10, — Decided April 26, 1901.

Contest of election.　Before Judge Reagan.　Spalding superior court.　January 22, 1901.

*R. T. Daniel, M. W. Beck, T. E. Patterson,* and *J. J. Flynt,* for plaintiff in error.　*J. S. Boynton, R. L. Berner, Lloyd Cleveland, W. C. Beeks, F. D. Dismuke,* and *Searcy & Boyd,* contra.

LUMPKIN, P. J.　This court has heretofore twice passed upon bills of exceptions sued out in the litigation arising over the election held in Spalding county on the 19th day of October, 1899, under the local option liquor law.　See 109 *Ga.* 399, and 112 *Ga.* 308.　The only material question presented by the bill of exceptions now before us is that dealt with in the headnote.　As will have been gathered from the opinions filed in the two preceding cases, the law embraced in the Political Code, §§ 1541 et seq., is, to say the least, obscure and difficult to understand.　One thing, however, we think is clear, viz.: that when a contest is instituted in the superior court under section 1546, there is no provision for

any persons, other than those who are parties to the petition which that section authorizes, to come in at the hearing and by way of intervention file a counter-contest and thus make issues to be passed on by the superior court.    In the absence of any statutory provision authorizing such a counter-contest, that court has no authority either to allow the same to be filed or to pass upon the questions which it may present.    We therefore hold that the judge did not, in the present case, err in refusing to allow the plaintiffs in error to make themselves parties to the pending proceeding instituted by Drake and others for the purpose of contesting the result of the election as proclaimed by the ordinary upon his hearing of the contest originally instituted.    This being so, the plaintiffs in error had no part or parcel in that case, and it follows that they had no right to except to the final judgment rendered by the superior court therein.          *Judgment affirmed.    All the Justices concurring.*